## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

VLADIMIR ISIDOR ST. LOUIS,                    **CASE NO.:**

       Plaintiff,

Vs.

THE CITY OF ORLANDO, a
municipal corporation; Orlando Police;
OFFICER KRISTEN BRANTLEY, Badge # 34124
in her individual Capacity;
OFFICER REBECCA RIVERA, Badge # 18078
in her individual Capacity;
OFFICER BRANDON TABACZYNSKI, Badge #13872
in his individual Capacity; and
OFFICER KEVIN LOPEZ, Badge # 18877
in his individual Capacity

       DEFENDANTS.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW,** the PLAINTIFF, VLADIMIR ST. LOUIS (hereinafter

referred to as "PLAINTIFF"), by and through his undersigned counsel sues

DEFENDANTS, THE CITY OF ORLANDO, a municipal corporation (hereinafter

referred to as "DEFENDANT CITY"); OFFICER KRISTEN BRANTLEY, Badge

# 34124 (herein after referred to as "DEFENDANT BRANTLEY"); OFFICER

REBECCA RIVERA, Badge # 18078 (herein after referred to as "DEFENDANT

RIVERA");  OFFICER BRANDON TABACZYNSKI, Badge #13872 (herein after

referred to as "DEFENDANT TABACZYNSKI") and OFFICER KEVIN LOPEZ, Badge # 18877(herein after referred to as "DEFENDANT RIVERA") and herein requests judgment from this Court declaring unconstitutional and unlawful certain actions of the DEFENDANTS, which resulted in PLAINTIFF being deprived of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution as well as other civil rights guaranteed to him under federal and state law, and seeks damages from DEFENDANTS as compensation for the deprivation of his constitutional rights and other rights guaranteed under federal and state law; for an award of attorney fees as authorized by law, all reasonable costs of this actions, and for any other further relief that this Court deems just and proper.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. This Court has concurrent jurisdiction for the pendant state law claims that arise out of Orange, County Florida and within the city limits of Orlando, Florida.

4.    Pursuant to Fla. Stat. §768.28(6)(a), Plaintiff notified DEFENDANT
CITY of his claims on January 14, 2022, which is six months or more prior
to filing of this action and said claims were not resolved.  Plaintiff has fully
complied with Fla. Stat. §768.28(6)(a), by serving notice of the claim on
the Florida Department of Financial Services; Orlando Police Department;
and the City of Orlando.

5.    All condition precedent to the filing of this action have occurred, accrued,
or have been waived as a matter of law.

6.    On information and belief, it is alleged that the named DEFENDANTS
reside in this judicial district.

## **PARTIES**

7.    PLAINTIFF presently is a resident of Orange County, Florida and at all
material times herein was a resident of said county.

8.    DEFENDANT CITY OF ORLANDO, is a municipal corporation
(hereinafter referred to as "CITY"), situated in Orange County, Florida and
through its law enforcement agency, the ORLANDO POLICE
DEPARTMENT (hereinafter "OPD") is responsible for the policies and
conduct of its officers including the DEFENDANTS BRANTLEY,
RIVERA, TABACZYNSKI and LOPEZ.

9.  DEFENDANT BRANTLEY, is a police officer who is employed by the Orlando Police Department and the DEFENDANT CITY; is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orlando, Florida and is being sued in her individual capacity.

10. DEFENDANT RIVERA is a police officer who is employed by the Orlando Police Department and the DEFENDANT CITY; is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orlando, Florida and is being sued in her individual capacity.

11. DEFENDANT TABACZYNSKI, is a police officer who is employed by the Orlando Police Department and the DEFENDANT CITY; is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orlando, Florida and is being sued in his individual capacity.

12. DEFENDANT LOPEZ, is a police officer who is employed by the Orlando Police Department and the DEFENDANT CITY; is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orlando, Florida and is being sued in his individual capacity.

13. The Orlando Police Department (OPD) is the law enforcement agency for the CITY and is responsible for enforcing laws within the corporate city limits of Orlando, Florida.

## **GENERAL ALLEGATIONS**

14.   On November 12, 2019 at approximately 5:23 p.m., VLADIMIR ST. LOUIS was arrested for Carrying a Concealed Weapon by a Convicted Felon in violation of *Fla. Stat. § 790.23-10;* Possession of Firearm by Convicted Felon *Fla. Stat. § 790.23-9;* Seven counts of Possession of Ammunition by Convicted Felon *Fla. Stat. § 790.23-11;* and Possession of Heroin *Fla. Stat. § 893.13(6)(A)-51*   by DEFENDANT BRANTLEY with assistance of DEFENDANTS' RIVERA, TABACZYNSKI and LOPEZ.

15.   On November 12, 2019, the PLAINTIFF was stopped by DEFENDANT BRANTLEY of the Orlando Police Department.

16.   DEFENDANT Brantley alleges that she noticed a vehicle with dark tint and when she ran the tag the owner of the vehicle, Nichole Dickerson a white female had a suspended driver's license and at that point Brantley decided to pull over the vehicle.

17.   DEFENDANTS Brantley and Rivera conducted a traffic stop on the vehicle because the owner of the vehicle Nicole Dickerson had a suspended license.  Once they pulled over the vehicle and approached the vehicle, they could clearly see the Plaintiff, who was the driver, was a black male and was not Nichole Dickerson, a white female.

18.   Defendants Brantley and Rivera asked the Plaintiff if they could search the vehicle.  Brantley and Rivera lacked reasonable suspicion that Plaintiff was committing, had committed, or was about to commit a crime.  Brantley and Rivera also lacked probable cause to make an arrest, therefore they sought consent to search the vehicle.

19.   The Plaintiff refused to provide consent to search the vehicle because the vehicle was not his vehicle.

20.   Officer Rivera requested the K-9 Unit respond  even though she was only giving the Plaintiff a warning citation for the illegal tint on the vehicle.

21.   Rivera prolonged the writing of the warning citations for window tints for nearly eighteen minutes to allow Officer Tabacyznski with his K-9 and Officer Lopez enough time to arrive.

22.   Then DEFENDANTS Tabacyznski and Brantley removed the Plaintiff from the vehicle.  Tabacyznski and Brantley physically controlled Plaintiff and unlawfully searched Plaintiff, and then placed him in the back of Rivera and Brantley's patrol vehicle and deployed the K-9.  During this time Plaintiff's freedom was restricted and he was not free to leave the scene.

23.   After the K-9 was deployed the officers proceeded to search the vehicle.

24. After the DEFENDANTS searched the vehicle, they found the following items: green leafy residue on the driver floorboard and some green leafy residue in a backpack. Nothing else was found inside of the vehicle.

25. DEFENDANTS Lopez and Tabacyznski then searched the Plaintiff (Mr. St. Louis' second search) and they allegedly found on the Plaintiff a plastic bag with a brown powdery substance that they believed to be heroin. Officer Lopez located a handgun in the genital area of the Plaintiff with seven rounds of ammunition.

26. Plaintiff was placed under arrest and charged with Carrying a Concealed Weapon by a Convicted Felon in violation of *Fla. Stat. § 790.23-10;* Possession of Firearm by Convicted Felon *Fla. Stat. § 790.23-9;* Seven counts of Possession of Ammunition by Convicted Felon *Fla. Stat. § 790.23-11;* and Possession of Heroin *Fla. Stat. § 893.13(6)(A)-51.*

27. Initially the charges against the Plaintiff were pending in State Court in Orange County Circuit Court, case number 2019-CF-015713-A-O. Later the Plaintiff was charged under a federal indictment on March 11, 2020, and a No Information was filed in the state Court case on March 13, 2020.

28. The Plaintiff initially retained an attorney to represent him for the charges in state Court. However, he had to retain another attorney to represent him in Federal Court.

29.   On August 24, 2020, the Plaintiff's attorney filed a Motion to Suppress based on the unlawful detention of the Plaintiff beyond conducting a trafficking stop.

30.   On October 28, 2020, the Honorable Judge Presnell of the Middle District of Florida, granted the Motion to Suppress finding that the Plaintiff's detention was unlawful because any questions during the initial stop that were not related to the traffic violations deviated from the traffic mission and prolonged the traffic stop longer than necessary. *See USA v. St. Louis*, 6:20-cr-00056-GAP-GJK-1. *See also United States v. Campbell*, 970 F.3d 1342, 1351-52 (11th Cir. 2020)

31.   The Government filed a Motion to Dismiss the indictment against the Plaintiff on January 26, 2021, after the Eleventh Circuit Court of Appeals affirmed the district Courts order on the Motion to Suppress on January 11, 2021. *See U.S.A. v. Vladimir St. Louis, 20-14460-AA (11th Cir. 2021)*

32.   The Court granted the government Motion to Dismiss on January 26, 2021, Dismissing the Case against the Plaintiff.


[Remainder of Page Intentionally Blank for Formatting Purposes]

## CAUSES OF ACTION

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I
### 42 U.S.C. § 1983
### UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT OFFICER KRISTEN BRANTLEY)

33.  This is an action for violation of civil rights under 42 U.S.C. § 1983 against DEFENDANT BRANTLEY.

34.  COMES NOW, PLAINTIFF, by and through his undersigned counsel, sues DEFENDANT BRANTLEY, in her individual capacity and in support thereof, states as follows:

35.  PLAINTIFF realleges the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

36.  PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include an unlawful detention to investigate possible criminal activity where there is no reasonable suspicion that Plaintiff (criminal suspect) had committed, was committing, or was about to commit a crime.

37.  On or about November 12, 2019, DEFENDANT, BRANTLEY, acting in her individual capacity while employed by City (OPD), deprived

PLAINTIFF of his rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that PLAINTIFF was unlawfully detained without probable cause to arrest for committing a violation of law, without a warrant, without a warrant exception and without reasonable suspicion to investigate.

38.   DEFENDANT, BRANTLEY had no legal right to detain PLAINTIFF beyond the time it took to conduct a traffic investigation.

39.   DEFENDANT BRANTLEY unreasonably detained the Plaintiff beyond the time needed to write a traffic citation (warning) and conducted a criminal investigation without probable cause to arrest the Plaintiff or reasonable suspicion that Plaintiff had committed, was committing, or was about to commit a crime.

40.   In committing the acts complained of herein, DEFENDANT BRANTLEY acted in her individual capacity by unlawfully detaining the PLAINTIFF with no basis in fact or law to do so.  In violating PLAINTIFF'S right to be free from unlawful detention, the DEFENDANT violated PLAINTIFF'S rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

41. DEFENDANT BRANTLEY took the actions complained of in this complaint with knowledge that her actions were in direct violation of the United States Constitution and the PLAINTIFF'S Constitutional rights.

42. As a direct and proximate result of the violation of his constitutional right to be free from unlawful detention by the DEFENDANT, the PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.  These damages include but are not limited to:  physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, damage suffered to reputation, loss of money, and all other damages associated with PLAINTIFF'S unlawful detention that led to Plaintiff's arrest.

43. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT, BRANTLEY a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for damages against DEFENDANT BRANTLEY in her individual capacity, and an award of PLAINTIFF'S attorney's fees.  In addition, PLAINTIFF requests punitive damages against DEFENDANT, BRANTLEY, for her conduct, which would deter her from such tortious conduct in the future.

## COUNT II
## 42 U.S.C. § 1983
## UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT, OFFICER REBECCA RIVERA)

44.     This is an action for violation of civil rights under 42 U.S.C. § 1983 against DEFENDANT RIVERA.

45.     COMES NOW, PLAINTIFF, by and through his undersigned counsel, sues DEFENDANT RIVERA, in her individual capacity and in support thereof, states as follows:

46.     PLAINTIFF realleges the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

47.     PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include an unlawful detention to investigate possible criminal activity where there is no reasonable suspicion that Plaintiff (criminal suspected) had committed, was committing or was about to commit a crime.

48.     On or about November 12, 2019, DEFENDANT, RIVERA, acting in her individual capacity while employed by City (OPD), deprived PLAINTIFF of his rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that PLAINTIFF was unlawfully detained without probable

cause to arrest for committing a violation of law, without a warrant, without a warrant exception and without reasonable suspicion to investigate.

49. DEFENDANT RIVERA had no legal right to detain PLAINTIFF beyond the time it took to conduct a traffic investigation.

50. DEFENDANT RIVERA detained the plaintiff beyond the time needed to write a traffic citation (warning) and conducted a criminal investigation reasonable suspicion that plaintiff had committed, was committing, or was about to commit a crime.

51. In committing the acts complained of herein, DEFENDANT RIVERA acted in her individual capacity by unlawfully detaining the PLAINTIFF with no basis in fact or law to do so.  In violating PLAINTIFF'S right to be free from unlawful detention, the DEFENDANT violated PLAINTIFF'S rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of the Plaintiff's civil rights as guaranteed by Federal and State law.

52. DEFENDANT RIVERA took the actions complained of in this complaint with knowledge that her actions were in direct violation of the United States Constitution and the PLAINTIFF's civil rights.

53.     As a direct and proximate result of the violation of his constitutional right to be free from unlawful detention by the DEFENDANT the PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.  These damages include but are not limited to:  physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, damage suffered to reputation, loss of money, and all other damages associated with PLAINTIFF'S unlawful detention that led to Plaintiff's arrest.

54.     PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT, RIVERA a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for damages against DEFENDANT RIVERA in her individual capacity, and an award of PLAINTIFF'S attorney's fees.   In addition, PLAINTIFF requests punitive damages against DEFENDANT RIVERA, for her conduct, which would deter her from such tortious conduct in the future.

[Remainder of Page Intentionally Blank for Formatting Purposes]

## COUNT III
## 42 U.S.C. § 1983
## UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT OFFICER BRANDON TABACZYNSKI)

55.     This is an action for violation of civil rights under 42 U.S.C. § 1983 against DEFENDANT TABACZYNSKI.

56.     COMES NOW, PLAINTIFF, by and through his undersigned counsel, sues DEFENDANT TABACZYNSKI, in his individual capacity and in support thereof, states as follows:

57.     PLAINTIFF realleges the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

58.     PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include an unlawful detention to investigate possible criminal activity where there is no reasonable suspicion that Plaintiff (criminal suspected) had committed, was committing, or was about to commit a crime.

59.     On or about November 12, 2019, DEFENDANT TABACZYNSKI, acting in his individual capacity, while employed by the City (OPD), deprived PLAINTIFF of his rights under the United States Constitution, in violation of 42 U.S.C. § 1982, in that PLAINTIFF was seized and detained for an unreasonable prolonged period of time, for DEFENDANT

TABACZYNSKI to conduct a criminal investigation, where there was no reasonable suspicion to do so.

60.   DEFENDANT TABACZYNSKI had no legal right to detain PLAINTIFF beyond the time it took to conduct a traffic investigation.

61.   DEFENDANT, TABACZYNSKI detained the plaintiff beyond the time needed to write a traffic citation and conducted a criminal investigation without probable cause to arrest or reasonable suspicion that plaintiff had committed, was committing, or was about to commit a crime.

62.   In committing the acts complained of herein, DEFENDANT TABACZYNSKI acted in his individual capacity by unlawfully detaining the PLAINTIFF with no basis in fact or law to do so.  In violating PLAINTIFF'S right to be free from unlawful detention, the DEFENDANT violated PLAINTIFF'S rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and Plaintiff's civil rights guaranteed under Federal and State law.

63.   DEFENDANT TABACZYNSKI took the actions complained of in this complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights PLAINTIFF's civil rights.

64.   As a direct and proximate result of the violation of his constitutional right to be free from unlawful detention by the DEFENDANT, the PLAINTIFF

suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.  These damages include but are not limited to:  physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, damage suffered to reputation, loss of money, and all other damages associated with PLAINTIFF'S unlawful detention that led to the Plaintiff's arrest.

65.    PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT TABACZYNSKI a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for damages against DEFENDANT TABACZYNSKI in his individual capacity, and an award of PLAINTIFF'S attorney's fees.   In addition, PLAINTIFF requests punitive damages against DEFENDANT, TABACZYNSKI, for his conduct, which would deter him from such tortious conduct in the future.

### COUNT IV
### 42 U.S.C. § 1983
### UNLAWFUL SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT OFFICER KRISTEN BRANTLEY)

66.    The Plaintiff hereby realleges and adopts paragraphs 1-32.

67.   Plaintiff has a clearly established constitutional right to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution.

68.   On or about November 12, 2019, DEFENDANT BRANTLEY unlawfully searched the Plaintiff's vehicle in clear violation of his Fourth Amendment Right.

69.   BRANTLEY unlawfully searched the Plaintiff after the Plaintiff was unlawfully and unreasonably detained for a traffic stop to conduct an unlawful criminal investigation.

70.   The Plaintiff was held for almost eighteen (18) minutes to allow a K-9 officer to arrive and unlawfully conduct a criminal investigation when the Plaintiff was pulled over for a window tint violation and was being issued a warning citation.

71.   BRANTLEY knowingly and intentionally unlawfully searched the Plaintiff's vehicle.

72.   BRANTLEY'S conduct violated the Plaintiff's Fourth and Fourteenth Amendment Right and as a direct and proximate result of BRANTLEY's unlawful conduct, the Plaintiff has suffered damages.

73.   As a direct and proximate result of the violation of his constitutional rights by the DEFENDANT, the Plaintiff suffered injuries and damages as

alleged in this complaint and is entitled to relief under 42 U.S.C. §1983. These damages include but are not limited to physical inconvenience, physical injuries, pain and suffering, emotional damage, mental suffering and anguish, loss of money, and all other damages associated with Plaintiff's unlawful searches.

74.    PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT, BRANTLEY a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for damages against DEFENDANT BRANTLEY in her individual capacity, and an award of PLAINTIFF'S attorney's fees.  In addition, PLAINTIFF requests punitive damages against DEFENDANT BRANTLEY, for her conduct, which would deter her from such tortious conduct in the future.

[Remainder of Page Intentionally Blank for Formatting Purposes]

## COUNT V
## 42 U.S.C. § 1983
## UNLAWFUL SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT OFFICER REBECCA RIVERA)

75.    The Plaintiff hereby realleges and adopts paragraphs 1-32.

76.    Plaintiff has a clearly established constitutional right to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution.

77.    On or about November 12, 2019, DEFENDANT RIVERA while employed by City (OPD), deprived PLAINTIFF of his rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that RIVERA unlawfully searched the Plaintiff's vehicle in clear violation of his Fourth Amendment Right.

78.    The Plaintiff was held for almost eighteen (18) minutes to allow a K-9 officer to arrive and unlawfully conduct a criminal investigation when the Plaintiff was pulled over for a window tint violation and was only supposed to be issued a warning citation.

79.    RIVERA unlawfully searched the Plaintiff after the Plaintiff was unlawfully detained for a traffic stop to conduct an unlawful criminal investigation.

80.   RIVERA knowingly and intentionally unlawfully searched the Plaintiff's vehicle.

81.   RIVERA'S conduct violated the Plaintiffs Fourth Amendment Right and as a direct and proximate result of RIVERA unlawful conduct, the Plaintiff has suffered damages.

82.   As a direct and proximate result of the violation of his constitutional rights by the DEFENDANT the Plaintiff suffered injuries and damages as alleged in this complaint and is entitled to relief under 42 U.S.C. §1983.  These damages include but are not limited to physical inconvenience, physical injuries, pain and suffering, emotional damage, mental suffering and anguish, loss of money, and all other damages associated with the unlawful search of the Plaintiff and the vehicle the Plaintiff had bailment and control over, which led to the Plaintiff's arrest.

83.   PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT, RIVERA a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for damages against DEFENDANT RIVERA in her individual capacity, and an award of PLAINTIFF'S attorney's fees.  In addition, PLAINTIFF requests punitive damages against DEFENDANT RIVERA, for her conduct, which would deter her from such tortious conduct in the future.

## COUNT VI
## 42 U.S.C. § 1983
## UNLAWFUL SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT OFFICER BRANDON TABACZYNSKI)

84.    The Plaintiff hereby realleges and adopts paragraphs 1-32.

85.    Plaintiff has a clearly established constitutional right to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution.

86.    On or about November 12, 2019, TABACZYNSKI unlawfully searched the Plaintiff and the vehicle the Plaintiff' had bailment and custody over in clear violation of his Fourth Amendment Right.

87.    TABACZYNSKI unlawfully searched the Plaintiff after the Plaintiff was unlawfully detained for a traffic stop to conduct an unlawful criminal investigation.

88.    The Plaintiff was held for almost 18 minutes for TABACZYNSKI and LOPEZ to arrive and unlawfully conduct a criminal investigation when he was pulled over for a window tint violation and was issued a warning citation.

89.    TABACZYNSKI knowingly and intentionally unlawfully searched the Plaintiff and the vehicle the Plaintiff was driving.

90.   TABACZYNSKI conduct violated the Plaintiffs Fourth Amendment Right and as a direct and proximate result of TABACZYNSKI unlawful conduct, the Plaintiff has suffered damages.

91.   As a direct and proximate result of the violation of his constitutional rights by the DEFENDANT the Plaintiff suffered injuries and damages as alleged in this complaint and is entitled to relief under 42 U.S.C. §1983.  These damages include but are not limited to physical inconvenience, physical injuries, pain and suffering, emotional damage, mental suffering and anguish, loss of money, and all other damages associated with Plaintiff's unlawful search and the unlawful search of the vehicle the Plaintiff had bailment and custody over.

92.   PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT, TABACZYNSKI a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff demands judgment against DEFENDANT TABACZYNSKI for actual and compensatory damages costs, attorney's fees, and such other relief as this Court deems just and proper.  Plaintiff also seeks a claim for punitive damages and further demands a trial by jury.

## <u>COUNT VII</u>
## <u>42 U.S.C. § 1983</u>
## <u>UNLAWFUL SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS</u>

(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT OFFICER KEVIN LOPEZ)

93.   On or about November 12, 2019, LOPEZ unlawfully searched the Plaintiff in clear violation of his Fourth Amendment Right.

94.   LOPEZ unlawfully searched the Plaintiff and the unlawful search of the vehicle the Plaintiff had bailment and custody over; after the Plaintiff was unlawfully detained for a traffic stop to conduct an unlawful criminal investigation.

95.   The Plaintiff was held for almost eighteen (18) minutes for TABACZYNSKI and LOPEZ to arrive and unlawfully conduct a criminal investigation when he was pulled over for a window tint violation and was only supposed to be issued a warning citation.

96.   LOPEZ knowingly and intentionally unlawfully searched the Plaintiff where there was no reasonable suspicion to do so.

97.   LOPEZ conduct violated the Plaintiffs Fourth Amendment Right and as a direct and proximate result of LOPEZ unlawful conduct, the Plaintiff has suffered damages.

98.   As a direct and proximate result of the violation of his constitutional rights by the DEFENDANT, the Plaintiff suffered injuries and damages as alleged in this complaint and is entitled to relief under 42 U.S.C. §1983. These damages include but are not limited to physical inconvenience, physical injuries, pain and suffering, emotional damage, mental suffering and anguish, loss of money, and all other damages associated with Plaintiff's unlawful and unreasonable search and the unlawful and unreasonable search of the vehicle the Plaintiff had bailment and custody over.

99.   PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT, LOPEZ a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff demands judgment against DEFENDANT LOPEZ for actual and compensatory damages costs, attorney's fees, and such other relief as this Court deems just and proper.  Plaintiff also seeks a claim for punitive damages and further demands a trial by jury.

### COUNT VIII
### 42 U.S.C. § 1983
### POLICY, PRACTICE OR PROCEDURE
(DEFENDANT, CITY OF ORLANDO)

100.   The Plaintiff hereby realleges and adopts paragraphs 1-32.

101.   DEFENDANT CITY implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees of the OPD to unlawfully detain drivers for traffic citations to conduct criminal investigations when there is no probable cause to arrest OR reasonable suspicion to lawfully conduct an investigation.

102.   CITY (OPD) has a policy, practice and/or custom which:

a.   Permits its officers to unlawfully prolong traffic stops and detain drivers without probable cause to arrest suspect or reasonable suspicion the suspect committed, was committing, or was about to commit a crime; and

b.   Fails to adequately train and/or supervise its officers to prevent the development and use of evidence illegally obtained by unlawful searches and seizures in criminal prosecutions of persons charged with criminal conduct.

103.   That on or about November 12, 2019, these policies, practices, or customs of DEFENDANT CITY (OPD) caused a violation of the Plaintiff's constitutional rights under the Fourth Amendment to be free from unreasonable searches and seizures.

104. These policies, practices and customs were implemented and controlled by DEFENDANT CITY (OPD).

105. DEFENDANT CITY (OPD) were deliberately indifferent to the fact that this policy would deprive the Plaintiff of his Fourth Amendment Right to be free from unreasonable searches and seizures.

106. These policies, practices or customs were the moving force behind the violation of Plaintiffs Fourth Amendment right to be free from unreasonable searches and seizures.

107. DEFENDANT CITY (OPD) knew or should have known that their policies/customs would be applied/misapplied and cause Plaintiff to suffer damages.

108. As a result, thereof, plaintiff rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, Plaintiff sustained the injuries and damages alleged herein.

109. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering ,loss of money, and mental pain and suffering.

WHEREFORE, Plaintiff demands judgment for damages against DEFENDANT, CITY, costs of this action, and such other and further relief as the Court deems appropriate.

## STATE LAW CLAIMS

## COUNT IX
## FALSE IMPRISONMENT
(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT, OFFICER KRISTEN BRANTLEY)

110.   COMES NOW, PLAINTIFF, VLADIMIR ST. LOUIS, by and through his undersigned counsel, and sues DEFENDANT, BRANTLEY, in her individual. capacity and in support thereof, states as follows:

111.   PLAINTIFF re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 32 of this Complaint.

112.   That the Plaintiff had a reasonable expectation to be free from unreasonable seizures and interference with his liberty and BRANTLEY deprived PLAINTIFF of this liberty when she unlawfully detained the PLAINTIFF.

113.   DEFENDANT BRANTLEY had no reasonable suspicion for detaining PLAINTIFF and prevented Plaintiff from leaving the scene for approximately eighteen (18) minutes, and Plaintiff did not consent to the unreasonable and unlawful detention.

114. PLAINTIFF avers that the DEFENDANT acted without legal authority or color of authority by intentionally restraining or detaining PLAINTIFF without reasonable suspicion in violation of Fla. Stat. § 901.151.

115. That the conduct of the DEFENDANT BRANTLEY was intentional and malicious and constituted a conscious disregard or indifference to the rights of the PLAINTIFF.

116. PLAINTIFF avers that the DEFENDANT breached a duty of care owed to PLAINTIFF, so as not to deprive him of his personal liberty, by intentionally restraining or detaining PLAINTIFF without reasonable suspicion in violation of Fla. Stat. § 901.151.

117. As a direct and proximate result of the false imprisonment by BRANTLEY, PLAINTIFF suffered and will continue to suffer in the future, physical inconvenience, emotional damage, damage to his reputation, and expenses incurred as a result of unlawful detainment that caused the Plaintiff's arrest.

WHEREFORE, PLAINTIFF demands judgment for damages against BRANTLEY, including damages, cost of this action, and such other and further relief as the Court deems appropriate.

[Remainder of Page Intentionally Blank for Formatting Purposes]

## COUNT X
## FALSE IMPRISONMENT

(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT, REBECCA RIVERA)

118.   COMES NOW, PLAINTIFF, VLADIMIR ST. LOUIS, by and through his undersigned counsel, and sues DEFENDANT, RIVERA, in her individual. capacity and in support thereof, states as follows:

119.   PLAINTIFF re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 32 of this Complaint.

120.   That the Plaintiff had a reasonable expectation to be free from unreasonable seizures and interference with his liberty and RIVERA deprived PLAINTIFF of this liberty when she unlawfully detained the PLAINTIFF.

121.   DEFENDANT RIVERA had no reasonable suspicion for detaining PLAINTIFF and prevented Plaintiff from leaving the scene for approximately eighteen (18) minutes while retaining his driver's license, and Plaintiff did not consent to the unreasonable and unlawful detention.

122.   PLAINTIFF avers that the DEFENDANT acted without legal authority or color of authority by intentionally restraining or detaining PLAINTIFF without reasonable suspicion in violation of Fla. Stat. § 901.151.

123.   That the conduct of the DEFENDANT RIVERA was intentional and malicious and constituted a conscious disregard or indifference to the rights of the PLAINTIFF.

124.   PLAINTIFF avers that the DEFENDANT breached a duty of care owed to PLAINTIFF, so as not to deprive him of his personal liberty, by intentionally restraining or detaining PLAINTIFF without reasonable suspicion in violation of Fla. Stat. § 901.151.

125.   As a direct and proximate result of the false imprisonment by RIVERA, PLAINTIFF suffered and will continue to suffer in the future, physical inconvenience, emotional damage, damage to his reputation, and expenses incurred as a result of unlawful detainment that caused the Plaintiff's arrest.

WHEREFORE, the PLAINTIFF demands judgment for damages against DEFENDANT, RIVERA including damages, cost of this action, and such other and further relief as the Court deems appropriate.

[Remainder of Page Intentionally Blank for Formatting Purposes]

## COUNT XI
## INVASION OF PRIVACY IN VIOLATION OF STATE LAW
(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT, KEVIN LOPEZ)

126. COMES NOW, PLAINTIFF, VLADIMIR ST. LOUIS, by and through his undersigned counsel, and sues DEFENDANT LOPEZ, in his individual capacity and in support thereof, states as follows:

127. PLAINTIFF re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 32 of this Complaint.

128. On November 12, 2023, LOPEZ intentionally with malice and bad faith invaded PLAINTIFF'S privacy in violation of state law, which prohibits intrusion on seclusion, by searching the PLAINTIFF's persons, without a warrant or reasonable suspicion of criminal activity and conducting an unlawful search of PLAINTIFF.

129. That LOPEZ knew or should have known that there was no lawful reason to support the detention and search of PLAINTIFF because LOPEZ did not have an arrest or search warrant, or consent from PLAINTIFF, or reasonable suspicion that PLAINTIFF had committed, was committing, or was about to commit a crime.

130. LOPEZ violated Florida Constitution, Art. I, § 12 and Fla. Stat. §901.15.

131. PLAINTIFF did not provide consent or permission for LOPEZ to unlawfully search him.

132. That the Honorable Judge Presnell entered an Order granting the PLAINTIFF'S Motion to Suppress finding the PLAINTIFF'S detention and search was unlawful.

133. PLAINTIFF avers that the DEFENDANT breached a duty of care owed to PLAINTIFF, so as not to deprive him of his personal liberty, by intentionally searching the PLAINTIFF without probable cause to arrest or reasonable suspicion to conduct a criminal investigation in violation of Fla. Stat. §§ 901.15 and 901.151.

134. PLAINTIFF avers that LOPEZ, without reasonable suspicion, unreasonably and unlawfully searched PLAINTIFF against his will and without consent.

135. As a direct and proximate result of the invasion of privacy by LOPEZ, PLAINTIFF suffered and will continue to suffer in the future, physical inconvenience, emotional damage, damage to his reputation, and expenses incurred as a result of the invasion of privacy that caused the Plaintiff's arrest.

WHEREFORE, the PLAINTIFF demands judgment for damages against DEFENDANT, LOPEZ including damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XII
## INVASION OF PRIVACY IN VIOLATION OF STATE LAW
(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT, BRANDON
TABACZYNSKI)

136.   COMES NOW, PLAINTIFF, VLADIMIR ST. LOUIS, by and through his
undersigned counsel, and sues DEFENDANT TABACZYNSKI, in his
individual capacity and in support thereof, states as follows:

137.   PLAINTIFF re-allege and incorporate herein by reference the allegations
set forth in paragraphs 1 through 32 of this Complaint.

138.   On November 12, 2023, TABACZYNSKI intentionally with malice and
bad faith invaded PLAINTIFF'S privacy in violation of state law, which
prohibits intrusion on seclusion, by patting down the PLAINTIFF and
searching the Plaintiff's persons, without a warrant or reasonable suspicion
of criminal activity and conducting an unlawful search of PLAINTIFF.

139.   That TABACZYNSKI knew or should have known that there was no
lawful reason to support the detention and search of PLAINTIFF because
TABACZYNSKI did not have an arrest or search warrant, or consent from
PLAINTIFF, or reasonable suspicion that PLAINTIFF had committed,
was committing, or was about to commit a crime.

140.   TABACZYNSKI violated Florida Constitution, Art. I, § 12 and Fla. Stat.
§901.15.

141. PLAINTIFF did not provide consent or permission for TABACZYNSKI to unlawfully search him.

142. That the Honorable Judge Presnell entered an Order granting the PLAINTIFF'S Motion to Suppress finding the PLAINTIFF'S detention and search was unlawful.

143. PLAINTIFF avers that the DEFENDANT breached a duty of care owed to PLAINTIFF, so as not to deprive him of his personal liberty, by intentionally searching the PLAINTIFF without probable cause to arrest or reasonable suspicion to conduct a criminal investigation in violation of Fla. Stat. §§ 901.15 and 901.151.

144. PLAINTIFF avers that TABACZYNSKI, without reasonable suspicion, unreasonably and unlawfully searched PLAINTIFF against his will and without his consent.

145. As a direct and proximate result of the invasion of privacy by TABACZYNSKI, PLAINTIFF suffered and will continue to suffer in the future, physical inconvenience, emotional damage, damage to his reputation, and expenses incurred as a result of the invasion of privacy.

WHEREFORE, the PLAINTIFF demands judgment for damages against DEFENDANT, TABACZYNSKI including damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XIII
## INVASION OF PRIVACY IN VIOLATION OF STATE LAW
(Plaintiff, VLADIMIR ST. LOUIS claim against DEFENDANT, KRISTEN BRANTLEY)

146. COMES NOW, PLAINTIFF, VLADIMIR ST. LOUIS, by and through his undersigned counsel, and sues DEFENDANT BRANTLEY, in his individual capacity and in support thereof, states as follows:

147. PLAINTIFF re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 32 of this Complaint.

148. On November 12, 2023, BRANTLEY intentionally with malice and bad faith invaded PLAINTIFF'S privacy in violation of state law, which prohibits intrusion on seclusion, by searching the PLAINTIFF's persons, without a warrant or reasonable suspicion of criminal activity and conducting an unlawful pat down of PLAINTIFF.

149. That BRANTLEY knew or should have known that there was no lawful reason to support the detention and search of PLAINTIFF because BRANTLEY did not have an arrest or search warrant, or consent from PLAINTIFF, or reasonable suspicion that PLAINTIFF had committed, was committing, or was about to commit a crime.

150. BRANTLEY violated Florida Constitution, Art. I, § 12 and Fla. Stat. §901.15.

151.   PLAINTIFF did not provide consent or permission for BRANTLEY to unlawfully search him.

152.   That the Honorable Judge Presnell entered an Order granting the PLAINTIFF'S Motion to Suppress finding the PLAINTIFF'S detention and search was unlawful.

153.   PLAINTIFF avers that the DEFENDANT breached a duty of care owed to PLAINTIFF, so as not to deprive him of his personal liberty, by intentionally searching the PLAINTIFF without probable cause to arrest or reasonable suspicion to conduct a criminal investigation in violation of Fla. Stat. §§ 901.15 and 901.151.

154.   PLAINTIFF avers that BRANTLEY, without reasonable suspicion, unreasonably and unlawfully searched PLAINTIFF against his will and without consent.

155.   As a direct and proximate result of the invasion of privacy by BRANTLEY, PLAINTIFF suffered and will continue to suffer in the future, physical inconvenience, emotional damage, damage to his reputation, and expenses incurred as a result of the invasion of privacy that caused the Plaintiff's arrest.

WHEREFORE, the PLAINTIFF demands judgment for damages against DEFENDANT, BRANTLEY including damages, cost of this action, and such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury of all issues so triable.

Dated this 12th day of November 2023.

**Haynes Law, P.A.**

/s/ *Carlus Haynes*

**CARLUS HAYNES, ESQUIRE**
Florida Bar Number: 0935611
champ@fighting4ulaw.com
8615 Commodity Circle, Unit 6
Orlando, FL 32819
Tel: 407-246-0077/Fax: 407-246-0078
Attorney for Plaintiff